**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**JEFFERY CLAY HOWARD,**<br><br>**Defendant** | NO. 3: 06-CR-38 (CAR)<br><br>VIOLATION: FIREARMS RELATED |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. M. Eric Eberhardt of the Athens Bar; the United States was represented by Assistant U. S. Attorney Richard S. Moultrie, Jr.. Based upon the evidence presented and proffered to the court by counsel for the government and the defendant, and the contents of the Pretrial Service Report dated September 8, 2006, as well as argument of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**ALTERNATIVE FINDINGS**

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence presented and proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated September 8, 2006, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance and the safety of the community were defendant HOWARD to be released from custody at this time. The offense charged against the defendant is a serious drug offense for which he faces long-term imprisonment if convicted; his estimated guideline sentencing range is 70 months to 87 months in prison. The weight of evidence appears to be strong, with a firearm having been found pursuant to a warrant for the search of his residence, defendant HOWARD being a convicted felon. The risk of flight is exacerbated by the fact that the defendant faces a much longer period of confinement that he has ever faced in connection with state convictions, there being no parole in the federal system.

**Defendant Howard has a lengthy arrest and conviction record. He has had numerous arrests since 1983, and has felony convictions for BURGLARY in 1983, in the Superior Court of Athens-Clarke County; ROBBERY, 1989, in the Superior Court of Athens-Clarke County; and, ENTERING AN AUTOMOBILE, 2002, in the Superior Court of Athens-Clarke County. The defendant disputes another conviction set forth in the Pretrial Services Report, to-wit: POSSESSION OF A FIREARM BY A CONVICTED FELON, 1986, in the Superior Court of Athens-Clarke County. Significantly, since 2000 he has had some five charges of violating his probation, with revocations in four of these cases. This indicates to the undersigned that the defendant has great difficulty abiding by rules of supervision. In addition, the defendant has had two arrests subsequent to the date of the offense charged in the indictment herein, to-wit: BURGLARY in Banks County, Georgia in April of 2006, and BURGLARY and CRIMINAL DAMAGE TO PROPERTY SECOND DEGREE in Hart County, Georgia in July of 2006. Such warrants a finding that defendant HOWARD poses a danger to the community by exhibiting a propensity to involve himself in criminal activity.**

**For the foregoing reasons, pretrial detention is mandated. IT IS SO ORDERED.**

### PART III - DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 13th day of SEPTEMBER, 2006.**

**CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE**